Price, J.
At the trial in the court of common pleas, some of the facts were agreed upon, and they show that at the date of the check mentioned in the petition, the plaintiff in error was indebted to one Max Roth, of New York City, in the sum of $122.13, and that his place of business at that time was No. 48 Walker street of that city. To pay the above indebtedness, the plaintiff in error, on the 13th day of January, 1906, drew its check for said amount, on the defendant in error, in *28 favor of and payable to Max Roth, in the following words: “Barberton, O., 1-13, 1906. Pay to the order of Max Roth ($122.13/100) one hundred twenty-two 13/100 dollars.
“The S. Weisberger Co.
“To the Barberton Savings Bank, Barberton, Ohio.”
This check, with a letter signed by the firm, was placed in an envelope, which was addressed to Max Roth, 48 Walker street, Cleveland, Ohio, instead of Max Roth, 48 Walker street, New York City. The letter so addressed and containing the check, shortly after it had been mailed to Cleveland, was delivered by the postoffice authorities to one claiming to be Max Roth, who lived or roomed on Henry street in the city of Cleveland. It appears that his name was Max Roth, but not the Max Roth to whom plaintiff was indebted and whose place of business was 48 Walker street, New York City. The Cleveland Max Roth, to whom the letter containing the check was delivered, took the check to a saloon-keeper in Cleveland, with whom he was acquainted, and after endorsing his name Max Roth on the back Of the check, received the cash for the same from the saloon-keeper, whose name is B. Schoenfeld. The latter endorsed and delivered it to The Cleveland Trust Co., which later endorsed and deposited it with the Union National Bank of that city, by which the check was presented to defendant bank for. payment, and it was paid and charged to the account of plaintiff. It never reached the Max Roth of New York, for whom it was intended, and *29 plaintiff, afterwards and by means of another check, discharged its indebtedness to the New York creditor. As between the parties hereto, who should bear the loss sustained?
It is not necessary that we consider the many authorities presented by the plaintiff in error, concerning the liability of a bank to one of its depositors, for paying a forged check, nor to discuss the general rule that such bank is bound to know the signature of its depositor. Those authorities may be regarded as sound on the facts of each case there found, and still the judgment of the lower court be free from error. There is one view of this case sufficiently clear to sustain the judgment, without conflict with any authority cited in the brief or oral argument.
It stands out boldly in the plaintiff’s case — in its petition and in its evidence, that it was first at fault, if not first and solely negligent. It was a business concern, keeping an account with the defendant bank. It knew that its creditor, Max Roth, resided in New York City, doing business at 48 Walker street, and desiring to pay its debt to him, drew the check payable to him, not designating therein either the place of residence or business, and thoughtlessly or negligently enclosed it with a letter, in an envelope which it addressed to Max Roth, 48 Walker street, Cleveland, Ohio, and so addressed, the plaintiff caused it to be mailed. Bearing that address, the letter could not properly go to New York City, but could and properly did go to the city of Cleveland. Perhaps there is no Walker street in Cleveland, but the postal service, *30 after diligent effort, found a Max Roth, or a man who claimed to be of that name, and the letter containing the check was delivered to him.
Up to this point of time, no one connected with • the check was negligent, except the plaintiff, unless it be the letter carrier .who delivered the letter. The act of the Max Roth of Cleveland, who received the letter, was criminal, and he forged the name of the real party for whom the check was intended by endorsing his name thereon.
The carelessness of the plaintiff put it within the power of the Cleveland man to perpetrate a fraud and obtain the proceeds of the check, which he did at the hands of Schoenfeld, his acquaintance. Then it took the customary course on its way to the bank of defendant upon which it was drawn. Schoenfeld, believing the endorsement of the Cleveland acquaintance legitimate, deposited the check in his bank of deposit, having endorsed his name on the back thereof. This bank endorsed and transferred it to the Union National Bank, guaranteeing prior endorsements, and it in turn endorsed it payable to any bank or bearer, guaranteeing all prior endorsements. These were Cleveland banks, which made the endorsements and transfers, but it is not alleged in the petition that the defendant bank had any information or knowl- • edge as to the residence or place of business of Max Roth, the plaintiff’s creditor, and therefore the location of these endorsing banks was not calculated to put the' defendant on inquiry or excite its suspicion. They had severally guaranteed prior endorsements. It was not practicable for the defendant to interview Max Roth, to ascertain *31 whether he was the lawful holder of the check. While it is true that a forged endorsement transfers no title to the check, we cannot avoid a comparison of the negligent conduct of the plaintiff, with the apparent good faith of the defendant, acting as it did under the circumstances narrated.
The misdirected letter was the source of possibilities that became realities in this case. In other words, the plaintiff was first at fault and its mistake made possible what in fact has transpired. If we admit, as we do, the ordinary rule that a bank is bound to know the signature of its depositor, it is a rule to protect the rights of the depositor. But where his carelessness has contributed directly to the deception of the bank, he may not be in position to enforce such general rule.
In the case at bar, it appears that neither the depositor nor the bank intended to commit any wrong, and we may apply a rule, the substance of which is, that where one of two innocent parties must suffer because of a fraud or forgery, justice imposes the burden upon him who is first at fault and put in operation the power which resulted in the fraud or forgery.
We decide this case on its own peculiar facts and make no search for or examination of reported cases, and affirm the judgment of the lower court.

Judgment affirmed.

Spear, C. J., Davis, Shauck, Johnson and Donahue, JJ., concur.